JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, California 94301-1744
Telephone:    650.849.5300
Facsimile:    650.849.5333

ORIN SNYDER (*pro hac vice forthcoming*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone:    212.351.4000
Facsimile:    212.351.4035

JAMES L. ZELENAY, JR., SBN 237339
  jzelenay@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

ELIZABETH K. MCCLOSKEY, SBN 268184
  emccloskey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

*Attorneys for Defendant Archer Aviation Inc.*

BRADFORD NEWMAN, SBN 178902
  bradfordnewman@eversheds-sutherland.com
EVERSHEDS SUTHERLAND (US) LLP
101 California Street, Suite 4750
San Francisco, California 94111-5872
Telephone:    415.521.1701
Facsimile:    415.506.4859

*Attorney for Defendant George Kivork*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Joby Aero, Inc., | CASE NO. 5:25-cv-10703 |
| Plaintiff, | **DEFENDANTS ARCHER AVIATION INC. AND GEORGE KIVORK'S JOINT NOTICE OF REMOVAL** |
| v. | |
| Archer Aviation Inc., and George Kivork, | [Removal from the Superior Court of California, County of Santa Cruz, Case No. 25CV03722] |
| Defendants. | |

Gibson, Dunn & Crutcher LLP

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JOBY AERO, INC. AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants Archer Aviation Inc. ("Archer") and George Kivork ("Mr. Kivork"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, *et seq.*, respectfully remove to the United States District Court for the Northern District of California the state court action originally filed as Case No. 25CV03722 in the Superior Court of California, County of Santa Cruz.  Removal is proper for the reasons set forth below.

## I. BACKGROUND

1.    Joby Aero, Inc. ("Joby" or "Plaintiff") filed this action on November 19, 2025, in the Superior Court of the State of California for Santa Cruz County.  Decl. of James L. Zelenay, Jr., ¶ 3 & Ex. A.  Joby served the Complaint on Archer on November 26, 2025.  Decl. of James L. Zelenay, Jr., ¶ 3 & Ex. F.  Mr. Kivork's counsel agreed to electronic service of the Complaint on November 28, 2025.  *Id.* ¶ 3 & Ex. G.

2.    Joby and Archer are competitors in the electric vertical takeoff and landing sector.  Mr. Kivork is alleged to have been the U.S. State and Local Policy Lead at Joby prior to being hired by Archer this year.  Decl. of James L. Zelenay, Jr., Ex. B ("Compl.") ¶¶ 28 & 36.

3.    Joby alleges that prior to his resignation from Joby, Mr. Kivork accessed "a cache of highly valuable Joby files containing confidential partnership terms, business and regulatory strategies, infrastructure strategies for vertiports and airport access, and technical information about Joby's aircraft and operations."  Compl. ¶ 1.  Joby further alleges that Mr. Kivork and Archer then utilized Joby's confidential and/or trade secret information in discussions with an unidentified "Developer."  *Id.* ¶ 6.

4.    Joby asserts 11 causes of action.  The third cause of action is for misappropriation of trade secrets pursuant to 18 U.S.C. § 1836 (the Defend Trade Secrets Act) against Archer and Mr. Kivork.  The remaining causes of action are the first cause of action for breach of contract against Mr. Kivork; the second cause of action for inducement of breach of contract against Archer; the fourth cause of action for violation of California Penal Code § 502 against Mr. Kivork; the fifth cause of

DEFENDANTS ARCHER AVIATION INC. AND GEORGE KIVORK'S JOINT NOTICE OF REMOVAL
CASE NO.

Gibson, Dunn & Crutcher LLP

action for breach of fiduciary duty against Mr. Kivork; the sixth cause of action for aiding and abetting breach of fiduciary duty against Archer; the seventh cause of action for breach of duty of loyalty against Mr. Kivork; the eighth cause of action for aiding and abetting breach of duty of loyalty against Archer; the ninth cause of action for tortious interference with contract against Archer and Mr. Kivork; the tenth cause of action for tortious interference with prospective economic advantage against Archer and Mr. Kivork; and the eleventh cause of action against Archer for unfair competition in violation of California Business and Professions Code § 17200 *et seq*. Compl. ¶¶ 67–161. Joby's state law claims are derivative of the trade secrets claim. *See id.* ¶¶ 75–76, 81, 85, 102–104, 110–111, 116–117, 123–124, 128–129, 136–137, 146, 148, 155–156.

5.    Archer and Mr. Kivork deny Joby's claims.

**II.  GROUNDS FOR REMOVAL AND JURISDICTION**

6.    Removal of this action is proper because 28 U.S.C. § 1331 gives this Court federal question jurisdiction over Joby's third cause of action, which is a federal cause of action arising under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, and because 28 U.S.C. § 1367 gives the Court supplemental jurisdiction over Joby's pendant state law causes of action.

7.    Federal district courts may exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  And "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

8.    A case "arises under [federal] law" when federal law "creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *accord Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  Here, Joby asserts a claim for violation of the Defend Trade Secrets Act under 18 U.S.C. § 1836 *et seq.*—a federal statute.  Compl. ¶¶ 88–96.  Section 1836 specifically states that "[t]he district courts of the United States shall have original jurisdiction of civil actions brought under this section."  28 U.S.C. § 1836(c).  This gives rise to federal question jurisdiction over that claim.

Gibson, Dunn & Crutcher LLP

DEFENDANTS ARCHER AVIATION INC. AND GEORGE KIVORK'S JOINT NOTICE OF REMOVAL
CASE NO.

9.    The Court also may exercise supplemental jurisdiction over Joby's state law causes of action because they are "related to" Joby's federal claim.  28 U.S.C. § 1367(a).  State law claims are sufficiently related to a federal claim when they "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also* Wright & Miller, *13D Fed. Prac. & Proc. Juris*. § 3567.1 (3d ed.) (describing how "Congress intended to codify," and "courts generally have concluded that § 1367(a) codifies," "the result in United Mine Workers").  This means that if "a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding," then a federal court that has jurisdiction over at least one claim may hear *all* of them. *Gibbs*, 383 U.S. at 725; *accord Ventura Content, Ltd. v. Motherless, Inc.*, 885 F.3d 597, 619 (9th Cir. 2018) ("[f]ederal courts may exercise supplemental jurisdiction over a state law claim if it shares a common nucleus of operative fact with a federal claim and if the state and federal claims would normally be tried together").  This standard is not difficult to meet: "In practice, § 1367(a) requires only that the jurisdiction-invoking claim and the supplemental claim have some loose factual connection." Wright & Miller, *13D Fed. Prac. & Proc. Juris.* § 3567.1 (collecting cases).

10.    Here, all of Joby's claims arise from a common nucleus of operative fact and should be heard together.  According to Joby, all the claims arise from Mr. Kivork's alleged exfiltration of "highly valuable Joby files containing confidential partnership terms, business and regulatory strategies, infrastructure strategies for vertiports and airport access, and technical information about Joby's aircraft and operations." Compl. ¶ 1.  Joby alleges that in addition to violating the Defend Trade Secrets Act, this same conduct resulted in breach of contract, inducement of breach of contract, violation of California Penal Code § 502, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of duty of loyalty, aiding and abetting breach of duty of loyalty, interference with contract, interference with prospective economic advantage and violation of California Business and Professions Code § 17200 *et seq*. *See*, *e.g.*, *id.* ¶¶ 75–76, 81, 85, 102–104, 110–111, 116–117, 123–124, 128–129, 136–137, 146, 148, 155–156.  In short, all of Joby's claims—whether brought under federal law or state law—arise from the same nucleus of alleged facts.

11.    Accordingly, this Court may exercise supplemental jurisdiction over all of Joby's state law claims. *See Gibbs*, 383 U.S. at 725; *Ventura Content*, 885 F.3d at 619.  The Court may therefore

DEFENDANTS ARCHER AVIATION INC. AND GEORGE KIVORK'S JOINT NOTICE OF REMOVAL
CASE NO.

Gibson, Dunn & Crutcher LLP

exercise jurisdiction over all of Joby's claims under 28 U.S.C. §§ 1331 & 1367, and removal is appropriate. *See* 28 U.S.C. § 1441(a).

### III. TIMELINESS OF REMOVAL

12. Plaintiff served a copy of the Summons and Complaint on Archer on November 26, 2025. Decl. of James L. Zelenay, Jr., ¶ 3 & Ex. F. Mr. Kivork's counsel agreed to electronic service of the Complaint on November 28, 2025. Decl. of James L. Zelenay, Jr., ¶ 3 & Ex. G. To be timely, a notice of removal must be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action … is based." 28 U.S.C. § 1446(b)(1). Because this Joint Notice of Removal is filed within 30 days of service of the Summons and Complaint, it is timely under 28 U.S.C. § 1446. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint . . ., not by mere receipt of the complaint unattended by any formal service").

### IV. VENUE AND DIVISIONAL ASSIGNMENT

13. The United States District Court for the Northern District of California, San Jose Division, is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a), because it embraces the place where Joby originally filed the case, the Superior Court of Santa Cruz County. *See* 28 U.S.C. §§ 84(a) & 1441(a); N.D. Cal. Civ. L.R. 3-2(e).

### V. NOTICE

14. Archer and Mr. Kivork will promptly provide written notice of this Joint Notice of Removal to Joby and will promptly file a copy of this Joint Notice of Removal with the Clerk of the Superior Court of the State of California, County of Santa Cruz, in which the action is pending, as required under 28 U.S.C. § 1446(d).

15. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Archer and Mr. Kivork, as well as other documents filed in the state court action, are filed concurrently with this Joint Notice of Removal as Exhibits A-E to the Declaration of James L. Zelenay, Jr.

Gibson, Dunn & Crutcher LLP

5
DEFENDANTS ARCHER AVIATION INC. AND GEORGE KIVORK'S JOINT NOTICE OF REMOVAL
CASE NO.

## VI.  CONCLUSION

16.    For the foregoing reasons, Archer and Mr. Kivork respectfully submit that this action is properly removed to this Court, and Archer and Mr. Kivork respectfully request that this Court proceed as if this case had been originally filed in this Court.  Archer and Mr. Kivork hereby join in and consent to this removal.  If any question arises as to the propriety of the removal of this action, Archer and Mr. Kivork request the opportunity to present a brief oral argument in support of their position that this case is subject to removal.

Dated: December 16, 2025

GIBSON, DUNN & CRUTCHER LLP


By:  /s/  James L. Zelenay, Jr.
James L. Zelenay, Jr.
Josh A. Krevitt
Orin Snyder (*pro hac vice forthcoming*)
Elizabeth K. McCloskey


*Attorneys for Defendant Archer Aviation Inc.*


Dated: December 16, 2025

EVERSHEDS SUTHERLAND (US) LLP


By:  /s/  Bradford Newman
Bradford Newman


*Attorney for Defendant George Kivork*

DEFENDANTS ARCHER AVIATION INC. AND GEORGE KIVORK'S JOINT NOTICE OF REMOVAL
CASE NO.

Gibson, Dunn & Crutcher LLP

**<u>ATTESTATION PURSUANT TO LOCAL RULE 5-1</u>**

I, James L. Zelenay, Jr., am the ECF user whose identification and password are being used to file this document.  Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other signatories hereto.

Dated: December 16, 2025

By: /s/  James L. Zelenay, Jr.
                James L. Zelenay, Jr.

DEFENDANTS ARCHER AVIATION INC. AND GEORGE KIVORK'S JOINT NOTICE OF REMOVAL
CASE NO.

Gibson, Dunn & Crutcher LLP