UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOBY AERO, INC. and
JOBY AVIATION, INC.,

       Plaintiff and
       Counterclaim-Defendants,

    v.

ARCHER AVIATION INC. and
GEORGE KIVORK,

       Defendants and
       Counterclaim-Plaintiff

Case No.  25-cv-10703-SVK

**ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL BONAR EXHIBITS A-D**

Re: Dkt. Nos. 47

Before the Court is Plaintiff and Counterclaim-Defendant Joby Aero, Inc. and Counterclaim-Defendant Joby Aviation, Inc.'s (collectively, "Joby") administrative motion to file under seal exhibits A-D of the declaration of Steven Bonar, submitted in connection with Joby's motion to dismiss Defendant Archer Aviation Inc.'s ("Archer") counterclaims.  Dkts. 44, 47. Archer opposes the motion.  Dkt. 51.  Having considered the Parties' submissions, the relevant law and the record in this matter, the Court **DENIES without prejudice** the administrative motion, for the following reasons.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court.  A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809

F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that are "not related, or only tangentially related, to the merits of the case," such as "a discovery motion unrelated to the merits of the case," the lower "good cause" standard applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. The requests at issue relate to records relied upon by Joby in connection with the merits of Archer's counterclaims. *See* Dkt. 44. Accordingly, the "compelling reasons" standard applies.

Joby explains that the four exhibits at issue are its CBP From 7501s, which are not publicly available. Dkt. 47 at 4. It argues that the information contained in the forms are "a snapshot of Joby's supply chain, including, among others, the identity of goods and their price and quantity." *Id.* (citing Bonar Decl., ¶ 12). The Court agrees with Joby that, if such information were made public, it would cause competitive harm to Joby; for example, it would reveal Joby's supplier, importers, and the amount and price of certain goods, allowing competitors to "gain knowledge of the confidential prices and terms of Joby's transactions" and seek to undercut or otherwise unfairly compete with Joby. *See id.* at 4.

In opposition, Archer argues that Joby's request is not particularized as to each document it seeks to seal and also that Joby's request is overbroad, seeking to seal items whose disclosure is not likely to harm Joby, such as "mode of transport." Dkt. 51 at 3-4.

The Court is not persuaded by Archer's first argument. Although Joby's explanation as to each form is the same, that is a function of the fact that each CBP Form 7501 is identical in the relevant respects. Joby has identified the specific information it seeks to redact from each CBP Form 7501 in its proposed redactions; its explanations may be common across the forms. As to Archer's second argument, the Court agrees. Joby has not explained how each of its requested redaction types, *e.g.*, "U.S. port of Unlading," "Filer Code/Entry No.," "Entry Type," etc. would cause competitive harm if disclosed. Rather, its explanation—focused on competitors abilities to undercut Joby with its suppliers/importers—would appear to only reach information such as price, goods, and the identities of the importers and suppliers.

Accordingly, Joby's administrative motion is **DENIED without prejudice**. Joby may renew its request to seal Bonar Exhibits A-D **no later than June 15, 2026**. If Joby submits such a renewed request, it may instead seek narrower redactions; but, under the compelling reasons standard and

United States District Court
Northern District of California

this District's local rules, Joby must justify and explain the myriad information on the CBP Form 7501s that it seeks to seal.

**SO ORDERED.**

Dated: June 5, 2026

Susan van Keulen

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

3