UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOBY AERO, INC.,

        Plaintiff,

     v.

ARCHER AVIATION INC., et al.,

        Defendants.

Case No.  25-cv-10703-SVK

**ORDER RE DISCOVERY DISPUTE AT DKT. 74**

Re: Dkt. No. 74

Before the Court is the Parties' Joint Submission in which individual Defendant George Kivork ("Mr. Kivork") challenges Plaintiff Joby Aero, Inc.'s ("Joby Aero") confidentiality designations of certain interrogatory responses and documents.  Dkt. 74.  More specifically, Joby Aero has designated interrogatory responses identifying the trade secrets it contends Mr. Kivork misappropriated and the documents it contends reflect those trade secrets, as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO").  As a result, Mr. Kivork, a Defendant, does not have access to these discovery materials under the operative protective order.[1] Mr. Kivork seeks unrestricted access to the interrogatory responses and documents to prepare his defense.  *Id*.  The Court requested and has reviewed the disputed interrogatory responses and documents.  Dkts. 78, 79.  Having considered all of the foregoing materials, the litigation history and the relevant law, the Court determines that this matter may be resolved with out oral argument.  Civil L.R. 7-1(b).[2]

---

[1] *See* Dkt. 60 ("Protective Order") § 7.3.

[2] The Joint Submission is directed at the Kivork access issue outlined above.  However, Mr. Kivork also uses the submission to suggest that Joby's list of allegedly misappropriated trade secrets exceeds the bounds of the FAC as allowed by this Court's prior order on a motion to dismiss.  Dkt. 69; Dkt. 74 at 6.  Whether specific discovery responses are within the bounds of the pleadings is not properly before the Court in the Joint submission and not addressed in this Order. In Interrogatory no. 1 at the center of this dispute, Mr. Kivork asks for a list of trade secrets and identification of documents that Joby Aero alleges he misappropriated, and that is what he has received.  The only issue before the Court at this juncture is Mr. Kivork's access to those materials.

United States District Court
Northern District of California

United States District Court
Northern District of California

Joby Aero and Defendant Archer Aviation Inc., ("Archer") are competitors in the air taxi market. *See, generally*, Dkt. 69 at 2-6. Mr. Kivork was Joby Aero's U.S. State and Local Policy Lead for several years before joining Archer in 2025. *See id.* Mr. Kivork's job at both entities involves strategic planning and development, including the building and maintaining of relationships with local government and regulatory bodies. *See* https://news.flyjets.com/article/joby-and-lyft-veteran-george-kivork-joins-archer-as-los-angeles-general-manager. Very generally, the disputed discovery materials reflect Joby Aero's strategic planning during Mr. Kivork's tenure. Dkt. 79. Mr. Kivork seeks to have these materials re-designated as "CONFIDENTIAL" under the protective order, which would allow him unrestricted access.[3] In meeting and conferring to resolve this dispute, Joby Aero produced redacted interrogatory responses for Mr. Kivork's review and later offered to produce unredacted responses for Mr. Kivork's review under specified conditions. Dkt. 74 at 8. Joby Aero maintains its position that Mr. Kivork may not have access to the documents.[4] *Id*. Mr. Kivork rejected the proposed conditions of review. *Id*. at 2.

Both sides' arguments have merit. Mr. Kivork is a defendant in this action, alleged to have taken certain documents with him when he left Joby Aero's employ for Archer. Given the nature of the alleged trade secrets described in the discovery materials, *e.g.* strategic plans developed under Mr. Kivork, he is in a unique position to address the confidential nature of the documents and the allegations of misappropriation. By way of contrast, this is not a dispute over technical trade secrets, such as algorithms or chemical compounds, where misappropriation may be objectively evaluated by a third-party expert without input from a defendant. Joby Aero's concern over its strategic plans being further examined by a competitor is also valid, and one which section 7.3 of the Protective Order was designed to address.

---

[3] Protective Order § 7.2

[4] In the Joint Submission, defense counsel states that at least some of the documents appear to be authored by Mr. Kivork, which would permit him access even under the AEO designation. Dkt. 74 at 4; Protective Order § 7.3(f). Counsel further states that they requested Joby Aero to confirm Mr. Kivork's status via the documents' metadata but that Joby Aero has not done so. Dkt. 74 at 4. Joby Aero does not respond to this argument.

United States District Court
Northern District of California

Pursuant to Federal Rule of Civil Procedure 26(c), courts may issue orders "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). The authorities cited by both sides, as well as numerous others from this Court, implement this Rule by balancing an individual's need to prepare a defense against a plaintiff's need to protect its valuable assets. *See*, *e.g.*, *Wisk Aero LLC v. Archer Aviation, Inc.*, No. 21-cv-2450-WHO (DMR), 2022 WL 3754521, at *4 (N.D. Cal. Aug. 30, 2022) ("Providing limited access to the protected information to the Archer employees must be balanced against the risks to Wisk."). The Court finds this approach both practical and sufficient to address the needs of both sides as mandated by Federal Rules of Civil Procedure 1 and 26, and accordingly **ORDERS** as follows:

### A. Interrogatory Responses

In response to Interrogatory no.1, Joby Aero identifies twenty-three trade secrets. Dkt. 79-4. The Court finds that many of the redactions cover general descriptions of the trade secrets, without addressing detailed information. While the general descriptions may merit sealing from public view,[5] Mr. Kivork is entitled to see descriptions sufficient to obtain at least a basic understanding as to what he is alleged to have misappropriated. In some instances, more detailed descriptions of the trade secrets are provided to which, given that Mr. Kivork now works for Joby Aero's direct competitor, Archer, Mr. Kivork's access is properly restricted. This latter category includes at least certain portions of trade secrets 4, 7, 13-14, 19-22. Accordingly, the Court determines that the most efficient approach is to allow Mr. Kivork access to completely unredacted interrogatory responses under a single protocol, as follows:

1. Access only in the physical presence of defense counsel. Mr. Kivork will not be alone with the materials at any time.

2. Mr. Kivork may not use any electronic means of copying, photographing or otherwise capturing the contents of the responses or, as noted below, the documents.

3. Any notes taken by Mr. Kivork in his review must remain in the sole custody of defense counsel. Mr. Kivork may not remove his notes from a review session or be

---

[5] Joby Aero's motion to seal remains pending.

provided with the notes outside of a review session with counsel. The notes may be used by Mr. Kivork in his continuing review or preparation of his defense subject to all of the conditions set forth herein.

4. The Court does not find that time limits on access are necessary.

**B. Documents**

Joby Aero specifically alleges that Mr. Kivork took documents with him to Archer and identifies 27 such documents in response to Interrogatory no. 1. Dkts. 74, 76. The Court again balances Mr. Kivork's need to know specifically which documents he allegedly misappropriated against Joby Aero's valid concern that he not have further access to its strategic plans in light of his current position with Archer. Having reviewed the documents, the Court finds that in several instances, review of the face page of the document in conjunction with the corresponding description in the interrogatory response provides sufficient identification and context, without revealing details of strategic planning that may be contained in the body of the document. Exemplars of documents in this category include Dkts. 79-6, 79-12, 79-22, 79-40 and 79-56. In some instances, even the first page of the document may reveal protected details that require redaction below a header or title necessary for identification. Exemplars of documents in this category include Dkts. 79-14, 79-16, 79-24, 79-50. For these documents, a first page showing title or subject and a date, if available, but redacting substantive data, along with the corresponding interrogatory description should be sufficient. Finally, for the approximately eight spreadsheets, the title and date, again with the corresponding discovery response, should give Mr. Kivork sufficient identification and context to understand what he is alleged to have misappropriated. With these guidelines in mind (sufficient information to identify the document while restricting access to details therein), counsel are to promptly meet and confer to prepare a set of excerpts from the 27 documents for Mr. Kivork's review in accordance with the protocols for review of the unredacted Interrogatory responses set forth above. The protocol for review of these documents applies regardless of whether Mr. Kivork is an author or recipient of the document.

////

////

These guidelines should also serve the Parties in future meet and confer efforts if issues of deeper access to specific documents should arise.

**SO ORDERED.**

Dated: June 29, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California