United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOBY AERO, INC. and
JOBY AVIATION, INC.,

        Plaintiff and
        Counterclaim-Defendants,

     v.

ARCHER AVIATION INC. and
GEORGE KIVORK,

        Defendants and
        Counterclaim-Plaintiff

Case No.  25-cv-10703-SVK

**SEALING ORDER RE JOBY'S
OUTSTANDING SEALING REQUESTS**

Re: Dkts. 73, 77, 79, 81

Before the Court are several pending administrative motions to file under seal filed by Plaintiff Joby Aero, Inc. and Counterclaim-Defendant Joby Aviation, Inc. (collectively, "Joby"). Dkts. 73, 77, 79.  The first is a renewed administrative motion to seal related to Customs and Border Protection ("CBP") forms submitted in relation to the Parties' motion-to-dismiss briefing. Dkt. 73.  Defendants Archer Aviation Inc. ("Archer") and George Kivork ("Mr. Kivork") do not oppose this renewed sealing request, and the deadline for such opposition has passed.  The second request by Joby seeks to seal portions of its First Amended Complaint ("FAC"). Dkt. 77.  This request is opposed by Archer, (*see* Dkt. 80), and Mr. Kivork, (*see* Dkt. 82).  Archer's opposition is itself subject to a motion to seal, "because the identified materials could theoretically disclose information that Joby has designated as confidential and has sought to seal," depending on whether or not the Court agrees with Archer's opposition.  Dkt. 81.  Finally, pursuant to the Court's order and relating to the Parties' discovery dispute over Joby's confidentiality responses to interrogatory designations, Joby filed various documents under seal with a request to maintain them under seal.  Dkt. 79.  This motion, too, is not opposed by Defendants.

United States District Court
Northern District of California

## I.    LEGAL STANDARD

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that are "not related, or only tangentially related, to the merits of the case," such as "a discovery motion unrelated to the merits of the case," the lower "good cause" standard applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. The requests at issue are governed by different standards: The request to seal the CBP forms were related to this Joby's motion to dismiss Archer's counterclaims and are thus governed by the "compelling reasons" standard, (*see* Dkt. 71), and similarly, the request to seal portions of the FAC, including the identity of the Developer that is at the heart of one of Joby's trade secret claims, is governed by the compelling reasons standard. The request to seal the materials submitted in relation to the discovery dispute are governed by the "good cause" standard.

Having considered the Parties' submissions, the relevant law, and the record in this action, for the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motions.

## II.    DISCUSSION

### A.    Joby's Renewed Motion to Seal the CBP Form 7501s

As the Court previously explained, Joby has identified specific, nonpublic information it seeks to redact from each CBP Form 7501 at issue. *See* Dkt. 71 at 2. However, it did not originally explain "how each of its requested redaction types … would cause competitive harm if disclosed." *Id.* Joby has now narrowed the redactions it seeks to "unique identifiers used by Joby in communications with CBP, Joby's tax identification numbers, and sensitive commercial and financial information regarding Joby's business, including its terms of trade and the price it pays for certain goods" and has explained that the disclosure of such information would result in both

2

competitive harm (pricing, terms of trade, etc.) and increase risk of "fraud, impersonation, or 'social engineering' attacks" (unique identifiers, including both Joby's taxpayer identification number and other numbers of similar sensitivity).  Dkt. 73 at 4-5; *see also* Dkt. 73-1 ¶¶ 6-10 (explaining the harm posed by revealing the information in the particular CBP Form 7501 boxes at issue).  The Court agrees with Joby, and its renewed administrative motion is **GRANTED**.

### B.       The Parties' Dispute Over Sealing of Portions of Joby's FAC

In connection with its FAC, Joby seeks to seal several limited categories of information: (1) the identity of a developer (the "Developer") at issue in Joby's first trade-secret claim where it is directly disclosed;  (2) portions of certain filenames that Joby alleges Mr. Kivork improperly exfiltrated, where such names would indirectly identify the Developer;  (3) portions of certain such filenames where such names reveal that Joby is targeting specific markets;  (4) portions of certain such filenames where such names reveal the identities of specific government entities or programs that Joby has submitted information to;  and (5) descriptions of a certain business plan that Joby alleges is a trade secret where the descriptions would "essentially reveal the core of the trade secret."  Dkt. 77-1 (declaration of Audrey Lin, "Lin Decl.") ¶¶ 5.a.-d; *see* FAC, ¶¶ 6, 45, 48-51, 54-60, 75.

Each of the Defendants opposes Joby's sealing requests, at least in part.  The Court begins with Archer's opposition, which Mr. Kivork joins.  *See* Dkt. 82 at 2 n. 1.  Archer opposes Joby's requests to seal information in categories 3-5.[1]  Dkt. 81-3 at 2-6.  Archer does not contend, however, that these general categories of information—essentially, business plans—are not sealable.  *See id.*  Indeed, the Court agrees that there are generally compelling reasons to seal the name of the Developer and detailed descriptions of Joby's trade secrets and business plans.

Rather, Archer contends that categories 3, 4 and 5 as reflected in the Lin Declaration paragraphs 5.b., 5.c. and 5.d seek to seal information that is already publicly known.  *Id.* at 3-6.  It is well-established that redaction for names or references which are "already publicly available" is

---

[1] Although Archer states that it "reserves its rights" to challenge Joby's sealing of the Developer's identity, Archer does not bring such a challenge at this time.  The Court addresses this issue further in the conclusion, below.

inappropriate. *See Kamakana*, 447 F.3d at 1184. Having reviewed the publicly available information cited by Archer, the Court agrees that Joby cannot properly maintain under seal this information, with a few limited exceptions. Each category is addressed below.

### 1. Category 3 – Specific Markets that Joby is Targeting

As to documents in category two, (Lin Decl. ¶ 5.b.), Archer argues that the fact that Joby is or seeks to be a participant in the Kansas and Texas markets is public information. *See* Dkt. 81-3 at 3. The Court agrees with Archer as to these specific markets but, moreover, it finds Mr. Kivork's broader argument on this point persuasive: Mr. Kivork, for his part, argues that Joby does not treat the mere names of states that are potential geographic markets as confidential at all. Dkt. 82 at 4. Indeed, as Mr. Kivork points, in March of 2026, Joby disclosed its plans to compete in 10 U.S. state markets (Arizona, Florida, Idaho, New Jersey, New York, North Carolina, Oklahoma, Oregon, Texas and Utah). *See* Dkt. 82 at 4 n. 2 (citing https://ir.jobyaviation.com/news-events/press-releases/detail/175/joby-to-begin-u-s-operations-in-2026-under-white-house-air). Although a party's plans to enter a market may be sensitive in certain circumstances, in the context of this action and Joby's public disclosures, the Court does not find compelling reasons to seal the names of states in which Joby intends to compete.

Accordingly, Joby's request to seal this category of information is **DENIED**.

### 2. Category 4 – Government Entities to Whom Joby Has Submitted

With regard to category 4, Archer argues again that "Joby's participation in" certain governmental programs and "contact with" the corresponding entities is already public information. Again, the Court agrees in part. Nothing in Archer's materials points the Court to anywhere that the entity named in 240806 – [REDACTED] call.pptx has been made public. *Contra* Dkt. 81-3 at 4-5. However, the Court agrees that Joby's contact with the California Governor's Office has been made public, (*see* https://ir.jobyaviation.com/news-events/press-releases/detail/133/joby-expands-manufacturing-capacity-in-california-and-ohio ("In 2023, Joby was awarded a $9.8 million dollar grant from the California Governor's Office …."), as well as its participation in California's Low Carbon Fuel Standard program, (*see* https://ww2.arb.ca.gov/approved-comments?entity_id=35921&page=2 (wherein Mr. Kivork,

4

while employed at Joby in 2024, submitted a public comment following California's Low Carbon Fuel Standard workshop)).  Finally, the Court agrees that Joby's request to redact references to its "Shy4" aircraft is improper, as it has disclosed the name of this aircraft publicly, (*see* https://www.forbes.com/sites/mikehirschberg/2024/07/31/hydrogen-is-a-gamechanger-for-vertical-flight/), as is its request to redact references to the Department of Energy, as its "contact" with that department is evident from Joby's own July 2024 publication, (*see* https://www.jobyaviation.com/news/joby-demonstrates-potential-for-emissions-free-regional-journeys-with-landmark-523-mile-hydrogen-electric-flight).

Accordingly, Joby's request to seal this category of information is **GRANTED IN PART** and **DENIED IN PART.**  The redaction of names reflecting the California Governor's Office, Department of Energy or the Low Carbon Fuel Standard is **DENIED**, as is the redaction of the "Shy4" name, while the redaction of the other governmental entity disclosed in paragraph 5.c of the Lin Decl. is **GRANTED**.[2]

### 3.    Category 5 – The "Low Carbon Fuel Credits" Business Plan

Finally, Joby claims that portions of certain filenames and descriptions would "essentially reveal the core of" its trade secret related to its Low Carbon Fuel Credits business plan.  Lin Decl. ¶ 5.d.  Archer argues that this business plan is not a *bona fide* trade secret, and that Joby has supported it only via conclusory statements.  Dkt. 83-1 at 5-6.  Joby, however, argues that this business plan is a trade secret – which may be properly sealed under the compelling reasons standard.  Here, the Court agrees with Joby.  "Trade secrets are a prototypical example of sealable subject matter.  Though the putative secrets here have not been adjudicated to be protectible as trade secrets, they can still be sealed at this posture, so Archer's objections to sealing them are premature at best."  *See Wisk Aero LLC v. Archer Aviation Inc.*, No. 21-cv-02450-WHO (N.D. Cal. 2021), Dkt. 162 at 2 (sealing Wisk's putative trade secrets, over Archer's objection, under the compelling reasons standard, in the context of the complaint and answer).  The Court will not

---

[2] Archer's final, conclusory argument that "Joby's interactions with government entities are generally capable of being known through public records requests" is unavailing without a showing that the *specific* contacts Joby avers are non-public are among those that are "generally" capable of being known.

resolve whether the details of the Low Carbon Fuel Credits business plan are protectable trade secrets at this juncture.

However, the Court agrees with Archer in this limited respect:  the mere *name* of the business plan, in this case, is not a trade secret and is not properly sealable.

Accordingly, Joby's request to seal this category of information is **GRANTED IN PART** and **DENIED IN PART.**  The redaction of name "Low Carbon Fuel Credits" is **DENIED**, but redaction of the details of this business plan is **GRANTED** at this juncture.

### 4.    Mr. Kivork's Other Objections

Finally, Mr. Kivork, in addition to joining Archer's objections discussed above, raises two additional objections.  Neither is persuasive.

First, Mr. Kivork argues broadly that "the Court should view Joby's claims that information is proprietary and non-public with skepticism" because the history of the Parties' confidentiality dispute suggests that "Joby is intentionally preventing [Mr. Kivork] from reviewing information necessary to understand the claims against him, under the guise of protecting confidential information."  Dkt. 82 at 2.  This argument is not a proper opposition to a motion to seal; it is an argument that Joby is misusing the Parties' private confidentiality-designation process.  The Court has resolved that dispute already, partially in Mr. Kivork's favor. *See* Dkt. 83.

Second, Mr. Kivork argues that although Joby claims it is contractually bound to keep the Developer's identity confidential, (Dkt. 77 at 2), the Lin Declaration does not so aver and so this claim is unsupported.  *See* Dkt. 82 at 3.  Mr. Kivork's reading of the Lin Declaration is too narrow;  Ms. Lin avers that "Joby is contractually bound to maintain the confidentiality of … the existence of the Agreement," and that "if Joby were to make the identity of the Developer publicly known, it could be alleged to be a breach of the Agreement, because it would result in publicly revealing the existence of the Agreement."  Lin Decl. ¶ 4.  The Court agrees that revealing the name of the Developer would pose a serious risk of this harm to Joby.[3]

_____

[3] Mr. Kivork's related point that Joby has alleged "the existence of the Agreement" several times in its FAC is also unavailing:  Without publicly naming the Developer, Joby has not told the

United States District Court
Northern District of California

### C.    Joby's Administrative Motion to Seal Its Unredacted Interrogatory Responses

As Joby argues, "these exhibits may be properly sealed because they describe, and in some cases outright reveal, the trade secrets at issue in this litigation," either in their entirety or portions thereof.  Dkt. 79 at 3.  Under the good cause standard, courts regularly grant motions to seal putative trade secrets and their descriptions.  *See, e.g. PTP OneClick, LLC v. Avalara, Inc.*, 2019 WL 6213167, at *3 (W.D. Wash. Nov. 21, 2019).  Moreover, Defendants have not opposed sealing of these exhibits.  Accordingly, the Court finds good cause to seal these exhibits.

As to the declaration of Michael LaFond, to which the exhibits are attached, Joby seeks to seal only discrete portions of the declaration its confidential information – *e.g.*, the name of the Developer and other allegedly sensitive names.  *See* Dkt. 79-1.  All of this information is information that Joby has sought to seal in connection with the FAC.  *See* Dkt. 79 at 5.  The Court finds compelling reasons to seal some of this information but denies Joby's request to seal other information because it is already public, as explained in Section II.B., above.  Accordingly, the Court finds good cause to maintain this information under seal only to the same extent.

Accordingly, Joby's administrative motion to seal at Dkt. 79 is **GRANTED**.

## III.    CONCLUSION

The Court directs the Parties to be mindful of their obligations under Rule 1 as they participate in this litigation:  The rules of civil procedure, including this Court's local rules governing sealing, should be "employed by … the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  The Parties must not lose sight of judicial efficiency and should:  (1) acknowledge public statements when brought to their attention and withdraw sealing requests as appropriate and (2) not oppose sealing requests simply for the sake of opposing them.  The Parties must also be mindful that *confidentiality designations* are not the same as *sealing*;  information may be revealed to the other side in confidence under the protective order, yet still merit protection from public view.

For the foregoing reasons, the Court rules as follows:

---

*public* that the Agreement exists, only that *an agreement* exists with some unnamed developer.

United States District Court
Northern District of California

- The Court **GRANTS** Joby's request to seal the redacted portions of the CBP Form 7501s. The Clerk of Court shall maintain Dkts. 47-2, 47-4, 47-6, 47-8, 73-3, 73-5, 73-7 and 73-9 under seal.

- The Court **GRANTS** Joby's request to seal the exhibits attached to Dkt. 79, and the Clerk of Court shall maintain Dkts. 79-4, 79-6, 79-8, 79-10, 79-12, 79-14, 79-16, 79-18, 79-20, 79-22, 79-24, 79-30, 79-40, 79-50, 79-52, 79-56 and 79-58 under seal.[4] However, the Court **GRANTS IN PART** and **DENIES IN PART** Joby's request to seal the declaration of Michael LaFond. The Clerk of Court shall maintain Dkt. 79-1 under seal, but **no later than July 10, 2026**, **Joby shall file** a less-redacted, public version of the LaFond Declaration, removing the redactions at paragraphs 7, 12, 21-22 and 27-28.

- The Court **GRANTS IN PART** and **DENIES IN PART** the Parties' sealing requests relating to the information redacted from Joby's FAC. The Clerk of Court shall maintain Dkts. 77-1, 77-4 and 77-6 under seal. The Clerk of Court shall **unseal** Dkts. 81-3–13 under seal. Moreover, **no later than July 10, 2026, Joby shall file** less-redacted, public versions of the FAC and the Lin Decl. consistent with the guidance set forth herein; Joby need not file an updated redline.

Finally, to streamline the sealing process in this case, the Court notes the following guidance specifically relating to the identity of the Developer. The Court has previously found compelling reasons to seal the identity of the Developer, (*see* Dkt. 69 at 15 n. 5), and reaffirms that finding herein. The identity of the Developer is known to the Court and to all Parties. Going forward and until the pretrial conference in this case, the Parties **need not request sealing of the Developer's identity in any papers filed before this Court**. Instead, the Parties shall refer to the Developer as the "Developer," and shall include a footnote at the first such reference noting for

---

[4] Exhibits L, M, N, O, P, Q, R, T, U, V, W and Z were filed manually via flash drive, as they are not compatible with the ECF system. Accordingly, Dkts. 79-26, 79-28, 79-32, 79-34, 79-36, 79-38, 79-42, 79-44, 79-46, 79-48 and 79-54 are merely Joby's Notices of Manual Filing for these exhibits. While these notices are non-confidential and should not have been filed under seal, they are also non-substantive and Joby's error is harmless. The Court will maintain these notices under seal.

8

the record that "The identity of the Developer is under seal pursuant to the Court's order. *See* Dkt. 85."[5]

**SO ORDERED.**

Dated: July 1, 2026

Susan van Keulen
_____
SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court<br>Northern District of California

[5] This Order will automatically terminate after the Parties pre-trail submissions in this matter. In their joint pretrial statement, the Parties should propose a procedure for addressing mentions of the Developer at trial, including whether there remain compelling reasons to seal its identity during the trial.

9