JOSH KREVITT, SBN 208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER, *(pro hac vice)*
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4035

JAMES L. ZELENAY JR., SBN 237339
jzelenay@gibsondunn.com
MICHAEL H. DORE
mdore@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000

*Attorneys for Defendant and Counterclaimant Archer Aviation Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOBY AERO, INC.,

Plaintiff,

v.

ARCHER AVIATION INC. and GEORGE KIVORK,

Defendants.

ARCHER AVIATION INC.,

Counterclaimant,

v.

JOBY AERO, INC.

and

JOBY AVIATION, INC.,

Counter-Defendants.

Case No. 5:25-CV-10703-SVK

**ARCHER AVIATION'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO JOBY'S MOTION TO STRIKE AND DISMISS ARCHER'S AMENDED COUNTERCLAIMS**

**Judge**: Hon. Susan van Keulen

Pursuant to Civil Local Rule 7-11, Defendant and Counterclaimant Archer Aviation Inc. ("Archer") respectfully requests leave to file a Sur-Reply in response to Plaintiff and Counter-Defendants Joby Aero, Inc. and Joby Aviation, Inc.'s ("Joby") Reply in Support of its Motion to Strike and Dismiss Archer's Amended Counterclaims (Dkt. 98). Archer notified Joby of this Motion and met and conferred with Joby to see if Joby would stipulate to the filing of the Sur-Reply, but Joby would not so stipulate and indicated that it intended to oppose Archer's Motion. *See* Declaration of Zach Lloyd ¶¶ 2–4. Archer's proposed Sur-Reply is attached hereto as Exhibit 1.

On August 3, 2026, Joby filed its Reply brief in support of its Motion to Strike and Dismiss Archer's Amended Counterclaims. Dkt. 98. Beginning on page 14 of that brief, Joby argued for the first time that California's anti-SLAPP statute applies to all commercial speech, with a limited exception for "comparative advertising." *Id.* at 14–15 (citing cases purporting to show that this proposition is well-established and binding under California law). Joby did not cite the case law expressly rejecting that purported narrowing of Cal. Code Civ. Proc. § 425.17.

District courts have discretion to permit the filing of a sur-reply "where a valid reason for such additional briefing exists." *Chopra v. Airbnb, Inc.*, 2026 WL 1590115, at *1 n.3 (N.D. Cal. June 3, 2026) (quotation marks omitted). A "new argument[] in its reply brief" is a "valid reason" for a sur-reply, *Warren v. City of Chico*, 2024 WL 4803960, at *1 (E.D. Cal. Nov. 15, 2024) (quotation marks omitted), even where that argument "respon[ds] to legal arguments made in opposition," *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 7206620, at *1 n.2 (N.D. Cal. Dec. 18, 2014); *see also Liberty Mut. Ins. Co. v. Coffman Specialties, Inc.*, 2026 WL 1266370, at *1 (S.D. Cal. May 6, 2026) (sur-replies are permitted in the "interest of fairness even where the reply brief is largely responsive to issues" in the opposition (internal quotation marks and brackets omitted)). This is especially true where "[d]enying [Archer] the opportunity to counter this potentially dispositive argument would have effectively stripped [Archer] of its right to argue against [Joby's] defense." *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040 (9th Cir. 2003). "[C]ompleteness and judicial efficiency" are also valid reasons, notwithstanding the lack of new arguments. *In re: Cathode Ray Tube*, 2014 WL 7206620, at *1 n.2; *see, e.g.*, *Nomadix, Inc. v. Hewlett-Packard Co.*,

838 F. Supp. 2d 962, 963 n.2 (C.D. Cal. 2012) (authorizing sur-reply in "interest of having a complete record" of the parties' arguments). In short, a sur-reply is appropriate when it "would assist [the court's] resolution of the issues presented in the motions before it." *Vizcarra v. Unilever U.S., Inc.*, 339 F.R.D. 530, 537 n.1 (N.D. Cal. 2021).

Archer had no opportunity in its opposition to cite the cases expressly rejecting Joby's interpretation of the cases it cites to make its new argument that California's anti-SLAPP statute applies to all commercial speech, with a narrow exception for comparative advertising. Allowing Archer to file the attached one-page Sur-Reply would therefore serve the interests of fairness, completeness, and judicial efficiency and would assist the Court in resolving the issues presented by Joby's Motion to Strike and Dismiss Archer's Amended Counterclaims.

For these reasons, Archer respectfully seeks the Court's leave to file the accompanying Sur-Reply responding to the arguments made for the first time in Joby's Reply.

Dated: August 17, 2026

GIBSON, DUNN & CRUTCHER LLP

By: *__/s/ James L. Zelenay Jr.__*
James L. Zelenay Jr.
Josh A. Krevitt
Orin Snyder (*pro hac vice*)

*Attorney for Defendant and Counterclaimant Archer Aviation Inc.*