JOSH KREVITT, SBN 208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER, *(pro hac vice)*
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4035

JAMES L. ZELENAY JR., SBN 237339
jzelenay@gibsondunn.com
MICHAEL H. DORE, SBN 227442
mdore@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000

*Attorneys for Defendant and Counterclaimant Archer Aviation Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOBY AERO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARCHER AVIATION INC. and GEORGE KIVORK,<br><br>Defendants.<br><br>ARCHER AVIATION INC.,<br><br>Counterclaimant,<br><br>v.<br><br>JOBY AERO, INC.<br><br>and<br><br>JOBY AVIATION, INC.,<br><br>Counter-Defendants. | Case No. 5:25-CV-10703-SVK<br><br>**ARCHER AVIATION'S [PROPOSED] SUR-REPLY TO JOBY'S MOTION TO STRIKE AND DISMISS ARCHER'S AMENDED COUNTERCLAIMS**<br><br>**Judge**: Hon. Susan van Keulen<br><br>Hearing Date: September 8, 2026<br>Hearing Time: 10:00 AM<br>Hearing Location: Courtroom 6 – 4th Floor |

# I. DISCUSSION

In its reply in support of its motion to dismiss Archer's amended counterclaims, Dkt. 98 ("Reply"), Joby advances a new argument concerning the commercial-speech exception to California's anti-SLAPP statute, Cal. Civ. Proc. Code §§ 425.16(b)(1), 425.17(c). Archer offers this short sur-reply to note the caselaw expressly rejecting Joby's new argument.

Joby argues in its reply that the commercial-speech exception to the anti-SLAPP law, § 425.17(c), applies only to "comparative advertising," Reply 14, relying on dicta from *FilmOn.com Inc. v. DoubleVerify Inc.*, in which the court states: "the provision exempts 'only a subset of commercial speech'—specifically, comparative advertising," 7 Cal. 5th 133, 147 (2019) (construing a different provision of the anti-SLAPP law where parties agreed § 425.17(c) did not apply to reports distributed by defendant that—unlike here—were not about its own business or a competitor's operations, as required by the statute).

California state courts, however, have squarely rejected this interpretation of *FilmOn.com*. The court of appeal in *WasteXperts, Inc. v. Arakelian Enters., Inc.*, 103 Cal. App. 5th 652 (2024), *review denied*, No. S286515 (Cal. Sept. 25, 2024), reversed the trial court's holding that *FilmOn.com* limited the commercial-speech exception to comparative advertising, explaining that the language Joby cites from the *FilmOn.com* opinion "was merely the final clause of a sentence in which the Court observed that the commercial speech exemption does not cover everything that may possibly be described as commercial speech." *Id.* at 665; *see also Neurelis, Inc. v. Aquestive Therapeutics, Inc.,* 71 Cal. App. 5th 769, 787 n.5 (2021) ("We read nothing in *FilmOn.com* that precludes the applicability of the commercial speech exception under the facts before us."); *Six4Three, LLC v. Facebook, Inc.*, 109 Cal. App. 5th 635, 649 (2025) (rejecting *FilmOn.com*-based argument that the exception applies only to comparative advertising and explaining that the *FilmOn.com* court "was simply clarifying that not all 'commercially oriented statements' fall within section 425.17, subdivision (c)"), *review denied*, No. S290437 (Cal. June 11, 2025), *and cert. denied*, 146 S. Ct. 364 (2025).

The California Supreme Court's interpretation of § 425.17(c) in *Simpson Strong-Tie* mirrors the text of the statute and remains binding. *Simpson Strong-Tie Co. v. Gore*, 49 Cal. 4th 12, 30 (2010). Archer's amended counterclaims satisfy every element, and the Court should deny Joby's motion.

Dated: August 17, 2026

GIBSON, DUNN & CRUTCHER LLP

By: *____/s/ James L. Zelenay Jr.____*
James L. Zelenay Jr.
Michael H. Dore
Josh A. Krevitt
Orin Snyder (pro hac vice)

*Attorneys for Defendant and Counterclaimant Archer Aviation Inc.*