QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, New York 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Yury Kapgan (Bar No. 218366)
yurykapgan@quinnemanuel.com
Patrick Schmidt (Bar No. 274777)
patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Sara Pollock (Bar No. 281076)
sarapollock@quinnemanuel.com
Michael F. LaFond (Bar No. 303131)
michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Plaintiff and Counterclaim Defendant Joby Aero, Inc., and Counterclaim Defendant Joby Aviation, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Joby Aero, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Archer Aviation Inc., and George Kivork,<br><br>Defendants.<br><br>Archer Aviation Inc.,<br><br>Counterclaimant,<br><br>v.<br><br>Joby Aero, Inc., and Joby Aviation, Inc.,<br><br>Counterclaim Defendants. | Case No. 5:25-cv-10703-SVK<br><br>**JOBY AERO, INC. AND JOBY AVIATION, INC.'S OPPOSITION TO ARCHER AVIATION INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>**Judge:** Hon. Susan van Keulen<br><br>Hearing Date: September 8, 2026<br>Hearing Time: 10:00 AM<br>Hearing Location: Courtroom 6 – 4th Floor |

Archer's motion for leave to file a sur-reply fails because Joby's reply did not raise a "new argument" in explaining that the commercial-speech exemption to California's anti-SLAPP statute, California Code of Civil Procedure § 425.17(c), is limited to comparative advertising. Archer's opposition put § 425.17(c)'s exemption squarely at issue and expressly conceded that Archer bears the burden of establishing it. *See* Dkt. 93 at 22–24 (invoking § 425.17(c)'s commercial-speech exemption); *id.* at 23 (conceding that "Archer bears the burden of establishing the exemption"). Joby's reply did no more than respond, explaining that the exemption is narrower than Archer claimed. Dkt. 98 at 14–15. A reply that answers the opposition is not a "new argument," and the non-moving party is not entitled to an additional brief to account for arguments that should have been addressed in the opposition. The Court should deny the motion.

Sur-replies are the exception, not the norm. *See Chang v. Citibank*, No. 25-CV-04162-JST, 2025 WL 3162341, at *1 (N.D. Cal. Nov. 12, 2025) ("Parties do not have the right to file sur-replies and the Court generally views motions for leave to file a sur-reply with disfavor." (cleaned up, citations omitted)). Leave to file a sur-reply is not warranted where a reply merely rebuts an argument raised in the opposition. *Kamath v. U.S. Dep't of Homeland Sec.*, No. 3:23-cv-03531-JSC, 2024 WL 1077328, at *1 (N.D. Cal. Mar. 12, 2024) (denying leave to file a sur-reply because arguments raised on reply "to rebut arguments raised in the opposition brief" are not new). It is not a tool for revisiting an issue the respondent itself raised, and bore the burden to establish, in its opposition. *See Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (Denying administrative motion for leave to file a sur-reply and finding that the "arguments raised in [movant's] Reply brief d[id] not present new information, but respond[ed] to arguments raised in [the] Opposition [brief].").

Joby's reply raised no new issue. Archer devoted an entire section of its opposition to arguing that the § 425.17(c) commercial-speech exemption removes its UCL counterclaim from the anti-SLAPP statute, resting that argument on the four-part test the California Supreme Court announced in *Simpson Strong-Tie Co. v. Gore*, 49 Cal.4th 12, 30 (2010). Dkt. 93 at 22–24. Joby's reply met that contention directly, explaining that subsequent binding authority from the California Supreme Court construes § 425.17(c) to reach only comparative advertising. Dkt. 98 at 14–15

(citing *FilmOn.com Inc. v. DoubleVerify Inc.*, 7 Cal.5th 133, 147 (2019)). Because *FilmOn* construes the very provision, and refines the very test on which Archer's exemption argument depends, Joby's reply engaged the body of law Archer itself put at issue. An argument that answers the opposition's own exemption theory, through case law discussing the same statutory provision, is not a new argument that justifies a sur-reply.

Archer's own concession underscores the point. Its opposition states that "Archer bears the burden of establishing the exemption." Dkt. 98 at 22–23 (citing *Simpson Strong-Tie*, 49 Cal. 4th at 26). Because the § 425.17(c) exemption was Archer's to establish, it was Archer's obligation to address the governing construction of that provision in its opposition. And, once Archer invoked it, Joby was entitled to reply. That Archer now wishes it had marshaled additional (non-binding) authority does not entitle it to a sur-reply.

For these reasons, Joby respectfully requests that the Court deny Archer's Administrative Motion for Leave to File a Sur-Reply. Should the Court be inclined to consider Archer's proposed sur-reply notwithstanding, Joby respectfully requests that the Court also consider Joby's concurrently filed response addressing why Archer's arguments made in its proposed sur-reply fail on the merits.

DATED: August 21, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Yury Kapgan*
Yury Kapgan
Alex Spiro
Patrick Schmidt
Sara Pollock
Michael F. LaFond

*Attorneys for Plaintiff and Counterclaim Defendant Joby Aero, Inc., and Counterclaim Defendant Joby Aviation, Inc.*