JOSH KREVITT, SBN 208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER, *(pro hac vice)*
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4035

JAMES L. ZELENAY JR., SBN 237339
jzelenay@gibsondunn.com
MICHAEL H. DORE, SBN 227442
mdore@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000

*Attorneys for Defendant and Counterclaimant Archer Aviation Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOBY AERO, INC.,

Plaintiff,

v.

ARCHER AVIATION INC. and George Kivork,

Defendants.

ARCHER AVIATION INC.,

Counterclaimant,

v.

JOBY AERO, INC.

and

JOBY AVIATION, INC.,

Counter-Defendants.

Case No. 5:25-CV-10703-SVK

**ARCHER AVIATION'S STATEMENT IN SUPPORT OF JOBY'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 109)**

**Judge**: Hon. Susan van Keulen

Pursuant to Civil Local Rules 7-11 and 79-5(f)(3), Archer Aviation submits this statement and the accompanying Declaration of DaBrian Jones ("Jones Decl.") in response to Joby Aero Inc.'s ("Joby") Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. No. 109), filed in connection with Joby's Second Amended Complaint ("SAC"; Dkt. No. 107).

## I. INTRODUCTION

Archer asks the Court to keep sealed portions of Joby's SAC (¶¶ 68, 99) related to the compensation offered by Archer to Mr. George Kivork included in an employment offer letter (the "Offer Letter"). The details of the compensation offered to Mr. Kivork represent confidential, non-public compensation terms the disclosure of which would competitively harm Archer. From such information, if made public, Archer's competitors could determine Archer's compensation strategy for employees and utilize such information in negotiating against Archer for employees, including attempting to poach Archer employees.

Archer's request is narrowly tailored and does not seek to seal any other portion of the SAC. Redacting the compensation information included in the SAC represents a narrow means of protecting Archer's interests and leaves the public with an understanding of Joby's claims.

## II. LEGAL STANDARD

While courts recognize the public's right to inspect and copy public judicial records and documents, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), that right may be curtailed upon a showing by the parties of "compelling reasons." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Compelling reasons exist when the sealed material concerns "confidential business information of the parties," *In re Qualcomm Litig.*, 2019 WL 1557656, at *3 (S.D. Cal. Apr. 10, 2019) or proprietary and confidential business information that would harm a party's competitive standing if it were made public. *In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008). The sealing request must be narrowly tailored. Civ. L.R. 79-5(c).

## III. ARGUMENT

### A. Compelling Reasons Support Sealing Kivork's Compensation Information.

Archer's request to seal portions of the SAC is limited to information related to the specific

compensation terms of Mr. Kivork's Offer Letter.

| Document | Portion Sought to be Sealed | Basis for Sealing |
|---|---|---|
| Second Amended Complaint (Dkt. Nos. 107; 108-3; 109-2) | ¶ 68: Third and Fourth sentences that contain specifics on compensation and mix of compensation.<br><br>¶ 99: specific compensation and mix of compensation | Confidential, non-public compensation terms for a specific individual. Disclosure would reveal to competitors what Archer pays employees, harming its competitive position in recruiting and retaining employees. |
| Second Amended Complaint Redline (Dkt. Nos. 107-2; 108-5; 109-4) | ¶ 68: Third and Fourth sentences that contain specifics on compensation and mix of compensation.<br><br>¶ 99: specific compensation and mix of compensation | Confidential, non-public compensation terms for a specific individual. Disclosure would reveal to competitors what Archer pays employees, harming its competitive position in recruiting and retaining employees. |

Specific compensation figures are "financial" and "business" information within the definition of the Defend Trade Secrets Act worthy of protection from public disclosure. 18 U.S.C. § 1839; *Cutera, Inc. v. Lutronic Aesthetics, Inc.*, 444 F.Supp.3d 1198, 1205 (E.D. Cal. 2020) (finding employee information like compensation and "other valuable information pertaining to these employees" as protectable under the DTSA). Courts have found compelling reasons to seal similar materials. *See, e.g.*, *Verinata Health Inc. v. Ariosa Diagnostics, Inc.*, 2015 WL 1885626, at *1 (N.D. Cal. Apr. 24, 2015) (granting sealing requests for information about finances and strategy that are confidential and commercially sensitive).

Here, Archer seeks to maintain the seal on portions of just two paragraphs in Joby's 130-paragraph SAC. The information to be sealed relates directly to compensation terms of Mr. Kivork's Offer Letter. The information included in Mr. Kivork's employment offer are not publicly disclosed by Archer nor are they publicly available within Archer. Jones Decl. ¶¶ 3–5.

Disclosure of these specific terms would cause Archer competitive harm because it would allow competitors to know exactly how much Archer paid Mr. Kivork and certain terms of that agreement. *Id.* ¶ 7. Archer competes with Joby and other eVTOL manufacturers to recruit and retain personnel. *Id.* ¶ 6. The compensation figures, the mix of compensation, how Archer approaches

negotiations with an employee, and the terms of that agreement would show a competitor Archer's hiring strategy. *Id.* ¶ 7. A competitor could use this information to poach employees or offer better terms when competing for employees. *Id.* That is precisely why specific financial information about employee agreements is considered competitively sensitive business information that courts protect. *Nixon*, 435 U.S. at 598; *Elec. Arts*, 298 F. App'x at 569.

**B. The Public Version of the SAC Fully Serves the Public's Interest in Access.**

Sealing the compensation figures and mix of compensation does not prevent the public from understanding the case. The public version of the SAC would still disclose the timing of Mr. Kivork's hiring and Joby's allegations of Mr. Kivork's actions. The precise dollar amounts and mix of compensation add nothing to the public's understanding of Joby's theory or complaints. However, the disclosure of this information would cause competitive harm to Archer.

Archer's request is narrowly tailored and seeks limited redactions. In Joby's 130-paragraph SAC, Archer seeks to redact portions of two paragraphs that contain specific information about the compensation included in Archer's offer to Mr. Kivork. The only less restrictive means to protect this information would be full disclosure, which would cause the very harm sealing is meant to prevent.

## IV. CONCLUSION

For the foregoing reasons, Archer respectfully requests that the Court grant Joby's Administrative Motion as to the material identified above in paragraphs 68 and 99 (in both the Complaint and the Redline of the Complaint), and order that the public version of the SAC redact that material.

Dated: October 13, 2026

GIBSON, DUNN & CRUTCHER LLP

By: */s/ James L. Zelenay Jr.*
James L. Zelenay Jr.
Michael H. Dore
Josh A. Krevitt
Orin Snyder (pro hac vice)

*Attorneys for Defendant and Counterclaimant Archer Aviation, Inc.*