United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOBY AERO, INC.,

Plaintiff,

v.

ARCHER AVIATION INC., et al.,

Defendants.

Case No. 25-cv-10703-SVK

**SEALING ORDER RE JOBY AND KIVORK'S OUTSTANDING SEALING REQUESTS**

Re: Dkt. Nos. 108, 109, 112

Before the Court is a pending administrative motion to file under seal filed by Plaintiff Joby Aero, Inc. ("Joby") (Dkt. 108) and administrative motions to consider whether another party's material should be sealed filed by Joby (Dkt. 109) and Defendant George Kivork ("Kivork") (Dkt. 112). The first two motions relate to Joby's Second Amended Complaint ("SAC"). Defendants Archer Aviation Inc. ("Archer") and Kivork do not oppose the first sealing request, and the deadline for such opposition has passed. Archer responded to the second motion, seeking to seal only a portion of the highlighted portions identified in Joby's motion to consider. Dkt. 110. Both Joby and Archer responded to Kivork's motion to consider with a statement that they do not seek to seal any information found in Kivork's Answer. Dkts. 115, 117.

## I. LEGAL STANDARD

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action," such as in a complaint and answer, must demonstrate "compelling reasons" that support secrecy. *Ctr.*

*For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).

Having considered the Parties' submissions, the relevant law, and the record in this action, for the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motions.

## II. DISCUSSION

### A. Joby's Motions Regarding Sealing Portions of Joby's SAC

Joby filed an administrative motion to file under seal (Dkt. 108) and an administrative motion to consider whether another party's material should be sealed (Dkt. 109), both filed in connection with Joby's SAC (Dkt. 107). With respect to its own material, Joby is seeking to seal "(i) the identity of the Developer and portions of certain file names that would reveal the Developer's identity if made public, (ii) portions of file names that reveal certain government entities Joby has submitted information to, and (iii) the description of Joby's Low Carbon Fuel Credits business plan." Dkt. 108 at 2. For reasons set forth in Dkt. 85, the Court previously found compelling reasons to seal this particular information as it was found in Joby's First Amended Complaint ("FAC"). *See* Dkt. 85 (granting-in-part Joby's motion to seal). Joby now seeks to have this same information sealed where it appears in its SAC and accompanying redline. With respect to Archer's material, Archer filed a statement and Declaration of DaBrian Jobes in support of sealing limited portions of the SAC and accompanying redline. Dkt. 110.

Having considered Joby's motions, Archer's statement and declaration, and the record, the Court finds that compelling reasons exist to seal the material identified below, that the request is narrowly tailored, and that no less restrictive alternative is sufficient. The Court rules as follows:

| Document | Portion to be Sealed | Ruling | Reasons |
|---|---|---|---|
| Second Amended Complaint (Dkt. Nos. 107; 108-3; 109-2) | ¶ 68: Third and Fourth sentences that contain specifics on compensation and mix of compensation.<br><br>¶ 99: specific compensation and mix of compensation | **GRANTED** | Confidential, non-public compensation terms for a specific individual. Disclosure would reveal to competitors what Archer pays employees, harming its competitive position in recruiting and retaining employees. |
| Second Amended | ¶ 68: Third and | **GRANTED** | Confidential, non- |

| | | | |
|---|---|---|---|
| Complaint Redline (Dkt. Nos. 107-2; 108 5; 109-4) | Fourth sentences that contain specifics on compensation and mix of compensation.<br><br>¶ 99: specific compensation and mix of compensation | | public compensation terms for a specific individual. Disclosure would reveal to competitors what Archer pays employees, harming its competitive position in recruiting and retaining employees. |
| Second Amended Complaint (Dkt. Nos. 107; 108-3; 109-2) | Portions highlighted in yellow | **GRANTED** | The portions of the SAC that have been highlighted in yellow are identical to portions of the FAC that the Court already permitted Joby to file under seal. *See* Dkt. 85. The Court adopts its reasoning laid out in Dkt. 85 for finding compelling reasons to file these portions of the SAC under seal. |
| Second Amended Complaint Redline (Dkt. Nos. 107-2; 108 5; 109-4) | Portions highlighted in yellow | **GRANTED** | The portions of the Redline of the SAC that have been highlighted in yellow are identical to portions of the FAC that the Court already permitted Joby to file under seal. *See* Dkt. 85. The Court adopts its reasoning laid out in Dkt. 85 for finding compelling reasons to file these portions of the Redline of the SAC under seal. |

By **<u>December 2, 2026</u>**, Joby **SHALL** file on the public docket versions of the SAC and its accompanying redline that redact only the material for which sealing is granted above. The unredacted versions of the SAC and redline found at Dkts. 108-2, 108-4, 109-1, and 109-3 shall remain under seal.

////

United States District Court
Northern District of California

**B. Kivork's Motion to Consider Whether to Seal Portions of Kivork's Answer to Joby's SAC**

Defendant Kivork filed a motion to consider whether another party's material should be sealed "in an abundance of caution." Dkt. 112 at 2. Both Plaintiff Joby and Defendant Archer filed statements indicating that they do not wish to seal any of the material in Kivork's Answer to Joby's SAC. Dkts. 115, 117. Thus, the Court **DENIES** Kivork's motion to consider whether another party's material should be sealed. The Clerk of Court shall unseal Dkt. 112. Additionally, by **December 2, 2026**, Defendant Kivork **SHALL** file the unredacted version of his Answer to Joby's SAC in the public record.

**SO ORDERED.**

Dated: November 20, 2026

Susan van Keulen

SUSAN VAN KEULEN
United States Magistrate Judge